UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 6:12-CR-44-GFVT-HAI-3 |
| v. ) | |
| ) | RECOMMENDED DISPOSITION |
| JOSH CALDWELL, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The Court, on referral, considers reported violations of supervised release conditions by Defendant Josh Caldwell. *See* D.E. 385 at 2. Judge Van Tatenhove entered a judgement against Defendant on June 12, 2015, for conspiracy to manufacture 50 grams or more of a mixture containing methamphetamine. D.E. 297. Defendant was sentenced to sixty months of imprisonment followed by five years of supervised release. *Id*. at 2-3. Defendant was released to begin his term of supervised release on November 30, 2016.

On May 2, 2017, Defendant's term of supervised release was revoked due to the commission of multiple crimes and the use of methamphetamine. Defendant was sentenced to six months of imprisonment followed by a five-year term of supervised release. Defendant began his second term of supervision on September 1, 2017.

On September 30, 2020, Defendant's term of supervised release was revoked after he was adjudicated guilty of commission of a crime. Defendant was sentenced to ten months of imprisonment followed by a two-year term of supervised release. Defendant began his third term of supervision on December 22, 2020.

On September 15, 2021, the United States Probation Office ("USPO") issued a Supervised Release Violation Report ("the Report") that initiated these proceedings. The Report alleges:

> On August 23, 2021, Caldwell was arrested by the London Police Department and charged in Laurel County District Court, London, Kentucky, case number 21-F-0700, with Charge 1) Possession of a Controlled Substance, First Degree, First Offense (KRS 218A.1415, a Class D felony); Charge 2) Resisting Arrest (KRS 520.090, a Class A misdemeanor); Charge 3) Menacing (KRS 508.050, a Class B misdemeanor); Charge 4) Tampering with Physical Evidence (KRS 524.100, a Class D felony); Charge 5) Convicted Felon in Possession of a Handgun (KRS 527.040, a Class C felony); and Charge 6) Possession of Drug Paraphernalia (KRS 218A.500(2), a Class A misdemeanor). Please refer to the attached Uniform Citation for further details regarding the arrest and charges. On August 31, 2021, Caldwell appeared for a preliminary hearing, and his case was waived to the Laurel County grand jury. Also on August 31, 2021, Caldwell posted a $10,000 surety bond.

The Report charges three violations stemming from this conduct. Violation #1 charges that Defendant violated the condition that he not commit another federal, state, or local crime. This is a Grade B violation. Violation #2 charges that Defendant violated the condition that prohibits him from owning, possessing, or having access to a firearm. This is a Grade C violation. Based on his failure to report the above conduct as of the date the Report was issued, Violation #3 charges that Defendant violated the condition that requires him to notify his probation officer within 72 hours of any arrest or questioning by law enforcement. This is a Grade C violation.

**I.**

The Court conducted an initial appearance pursuant to Federal Rule of Criminal Procedure 32.1 on October 15, 2021. D.E. 389. During the hearing, Defendant made a knowing, voluntary, and intelligent waiver of the right to a preliminary hearing. *Id.* At that time, the United States made an oral motion for interim detention, and Defendant did not argue for release. *Id.* Based on the heavy defense burden under 18 U.S.C. § 3143(a), the Court found detention

2

was required. *Id.*

The final hearing was conducted on October 29, 2021, and Defendant was afforded all rights due under Rule 32.1 and 18 U.S.C. § 3583. D.E. 394. Defendant waived a formal hearing and stipulated to Violations #1 and #3 as set forth in the Report. The United States made an oral motion to dismiss Violation #2. The Court found Defendant to be competent to stipulate to Violations #1 and #3 and that the stipulation was knowingly, voluntarily, and intelligently made. *Id.* The Court also found the stipulation to be consistent with the advice of counsel. *Id.*

Of course, the Court must find "by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3). Defendant's stipulation permits the Court to find that he engaged in conduct that is a Grade B violation under the Guidelines. *See* U.S.S.G. § 7B1.1(a)(2).

During the final hearing, the parties each presented their recommended sentence. The government recommended twenty-one months of imprisonment, and the defense recommended twelve months and one day of imprisonment. The parties jointly recommended that no supervised release follow the term of imprisonment.[1]

The government argued that the nature and circumstances of the underlying conviction the current violations are very similar. As to the history and characteristics of Defendant, the government pointed out that Defendant's criminal history prior to the underlying conviction in this matter is not extensive, but that his criminal conduct while on supervision has been terrible. As to the need to deter criminal conduct and protect the public, the government argued that an upward variance is justified given the dangerousness of Defendant's conduct and the repeated

---

[1] The defense initially requested that Defendant be placed in a long-term drug rehabilitation program following any term of imprisonment with no supervised release to follow. However, the Court informed Defendant that any drug rehabilitation program following his imprisonment would require a term of supervised release. Defendant requested that no term of supervision be imposed and indicated that he would find a rehabilitation program on his own following his release.

3

breaches of the Court's trust. Moreover, the government argued that the term of imprisonment for the current violations should be greater than that imposed on the previous revocations. However, the government stated that rehabilitation has not been effective, and thus, no additional term of supervised release should be imposed.

Defense counsel admitted that Defendant has been unsuccessful in fighting his urges related to his addiction. The defense argued that a term of imprisonment of twelve months and one day is sufficient to deter any future criminal conduct. Defense counsel also stated that Defendant needs treatment to understand and overcome his addiction.

Defendant addressed the Court and requested that no term of supervision be imposed. He also stated that he would find a long-term drug rehabilitation program on his own following his release.

## II.

The Court has reviewed the entire record, including the Report, its accompanying documents, and Defendant's underlying judgment and sentencing materials. Additionally, the Court has considered all of the § 3553 factors imported into the § 3583(e) analysis.

Under section 3583(e)(3), a defendant's maximum penalty for a supervised release violation hinges on the gravity of the underlying offense of conviction. Defendant was originally convicted of the Class B felony conspiracy to manufacture 50 grams or more of a mixture containing methamphetamine. *See* 18 U.S.C. §§ 86; 841(b)(viii); 3559(a)(3). His conviction carries a 36-month maximum period of incarceration upon revocation pursuant to 18 U.S.C. § 3583(e)(3). Under 18 U.S.C. § 3583(h) and 21 U.S.C. § 841(b)(1)(B), there is no maximum term of supervised release that may be re-imposed.

The Policy Statements in Chapter 7 of the Guidelines provide advisory imprisonment ranges for revocation premised on criminal history (at the time of original sentencing) and the "grade" of the particular violation proven. *See United States v. Perez-Arellano*, 212 F. App'x 436, 438–39 (6th Cir. 2007) ("Although the policy statements found in Chapter Seven of the United States Sentencing Guidelines recommend ranges of imprisonment, U.S.S.G. § 7B1.4, such statements 'are merely advisory' and need only be considered by the district court before sentence is imposed.") (citation omitted). Under § 7B1.1, Defendant's admitted conduct would qualify as a Grade B violation.

Given Defendant's criminal history category of II (the category at the time of the conviction in this District) and a Grade B violation, Defendant's range, under the Revocation Table of Chapter 7, is 6-12 months. U.S.S.G. § 7B1.4(a). *See* U.S.S.G. § 7B1.1(b) ("Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade."). Both parties agreed to this calculation of the range.

### III.

Congress does ***mandate*** revocation in a case of this nature. By statute, the Court must revoke Defendant because he possessed a controlled substance. *See* 18 U.S.C. § 3583(g)(1); *see also United States v. Crace*, 207 F.3d 833, 836 (6th Cir. 2000) (equating use with possession). To determine an appropriate revocation term of imprisonment, the Court has considered all the statutory factors imported into the section 3583(e) analysis, as well as the Guidelines Range.

The Court first considers the nature and circumstances of Defendant's conviction. *See United States v. Johnson*, 640 F.3d 195, 203 (6th Cir. 2001) (explaining that this sentencing factor focuses upon the original offense rather than the violations of supervised release). The

5

nature and circumstances of Defendant's underlying conviction are serious.  He was involved in a conspiracy to manufacture methamphetamine.  Methamphetamine is a dangerous drug, and Defendant's possession of it creates a high risk of recidivism.

The Court next considers Defendant's history and characteristics, the need to deter criminal conduct, and the need to protect the public.  Prior to his conviction, Defendant's criminal history was sparse.  However, since his underlying conviction, Defendant's criminal conduct has been abysmal.  Ideally, Defendant's behavior and choices should be improving, not worsening.  Further, Defendant's conduct underlying the current violations is alarming. Resisting arrest and placing himself in environments where firearms are present creates a serious risk of danger to the community.

The Court also considers the need to provide Defendant with training and treatment. Defendant has been afforded every resource the Court and the USPO can provide, including treatment, support, and status conferences to aid him in his recovery.  However, Defendant has yet to utilize these tools to overcome his addiction and make better choices for himself.  The Court cannot justify continuing to expend the USPO's resources on an individual that refuses to comply with conditions.

Finally, the Guidelines suggest that the *primary* wrong in the supervised release context is violation of the Court's trust by an offender; the particular conduct is an important but secondary issue.  *See* U.S.S.G. Chp. 7 Pt. A(3)(b) ("[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator.").  The Court must impose a sentence that is sufficient, but not greater than necessary, to address Defendant's breach of trust and the other statutory goals imported into section 3583(e).   Here, the Court

recommends an above-Guidelines sentence. When varying from the Range, the Court must provide an adequate explanation and "'consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.'" *Johnson*, 640 F.3d at 205 (quoting *Gall v. United States*, 552 U.S. 38, 50 (2007)). The Court must state "'the *specific reason* for the imposition of a sentence different from that described [in the applicable Guidelines or policy statements.]'" *Id.* (quoting 18 U.S.C. § 3553(c)(2)).

Despite extensive efforts by the USPO and the Court, including several in-court status conferences, Defendant's behavior has not improved. This is his third revocation even though he has demonstrated real progress at times during the various status conferences conducted by the Court. The circumstances of his most recent violations, specifically repeated meth use, involvement of a firearm, and blatant resistance to authority indicate supervision has not worked and Defendant continues to be dangerous to the public. The only tool available to address that danger and the repeated violations of the Court's trust is a lengthy imprisonment term. For the reasons discussed above, the Court finds an eighteen-month term of imprisonment with no supervision to follow is sufficient but not greater than necessary to meet the section 3553(a) factors incorporated into this analysis. *See* 18 U.S.C. § 3583(e).

A court also may re-impose supervised release, following revocation, for a maximum period that usually subtracts any term of incarceration actually imposed due to the violation. *See* 18 U.S.C. § 3583(b) & (h). The post-revocation cap depends on the "term of supervised release authorized by statute for the offense that resulted in the original term of supervised release." *See* 18 U.S.C. § 3583(h). The general supervision-term limits of § 3583(b) apply "[e]xcept as otherwise provided." *See id.* § 3583(b). Defendant's conviction under 21 U.S.C. § 846, with penalties described in 21 U.S.C. § 841(b)(1)(B), carries no maximum term of supervised release.

7

However, for the reasons stated above, the Court will recommend that no additional term of supervised release be imposed.

Based on the foregoing, the Court **RECOMMENDS:**

1. That Defendant be found guilty of Violations #1 and #3;

2. The government's motion to dismiss Violation #2 be granted;

3. Revocation and imprisonment for a term of eighteen months; and

4. No term of supervised release to follow.

Defendant's right of allocution under Rule 32.1 is preserved, as reflected in the record. Any waiver should comport with the Court's standard waiver form, available from the Clerk. Absent waiver, the matter will be placed on Judge Van Tatenhove's docket upon submission.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). As defined by § 636(b)(1), within fourteen days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court. Failure to make timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981); *Thomas v. Arn*, 106 S. Ct. 466 (1985).

This the 2nd day of November, 2021.

Signed By:
Hanly A. Ingram
United States Magistrate Judge