UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 6:12-cr-00044-GFVT-HAI-3 |
| | ) | |
| v. | ) | |
| | ) | |
| JOSH CALDWELL, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

This matter is before the Court on the Recommended Disposition filed by United States Magistrate Judge Hanly A. Ingram. [R. 395.] For the reasons that follow, Judge Ingram's Recommended Disposition will be ADOPTED in its entirety.

**I**

Defendant Josh Caldwell has been charged with violating the terms of his supervised release. [R. 386.] On June 10, 2015, this Court sentenced Mr. Caldwell to sixty months of imprisonment and five years of supervised release for conspiracy to manufacture fifty grams or more of a mixture containing methamphetamine in violation of 21 U.S.C. § 846. [R. 297.] Mr. Caldwell began his first time of supervised release on November 30, 2016.

Mr. Caldwell's supervision was revoked in May 2017 because of the commission of several crimes and the use of methamphetamine. [R. 330.] Mr. Caldwell was sentenced to six months of imprisonment followed by a five-year term of supervised release. [R. 331.] Mr. Caldwell began his second term of supervision on September 1, 2017.

Mr. Caldwell's supervision was revoked in September 2020 after he was found guilty of committing a crime, which violated the terms of his supervision. [R. 380.] Mr. Caldwell was

sentenced to ten months of imprisonment followed by a two-year term of supervised release.  [R. 381.]  On December 22, 2020, Mr. Caldwell began his third term of supervision.

The USPO issued the Supervised Release Violation Report on September 15, 2021, that initiated these proceedings.  [R. 395 at 2.]  The Report contains three violation allegations: Violation #1 alleges that Mr. Caldwell violated the condition that he not commit another local, state, or federal crime, which is a Grade B violation; Violation #2 alleges that Mr. Caldwell violated the condition that prohibits him from having access to, owning, or possessing a firearm, which is a Grade C violation; and Violation #3 alleges that Mr. Caldwell violated the condition that requires him to notify his probation officer within 72 hours of being arrested or questioned by law enforcement, which is a Grade C violation.  *Id.*

On October 15, 2021, Judge Ingram conducted an initial appearance with Mr. Caldwell pursuant to Rule 32.1.  [R. 389.]  At the hearing, Mr. Caldwell knowingly, voluntarily, and intelligently waived his right to a preliminary hearing.  *Id.*  The United States made an oral motion for interim detention, and Mr. Caldwell did not argue for release.  *Id.*  Given the heavy defense burden under 18 U.S.C. § 3143(a), Judge Ingram remanded Mr. Caldwell to the custody of the United States Marshal.  *Id.*

On October 29, Judge Ingram conducted the final hearing.  [R. 394.]  At the hearing, Mr. Caldwell entered a knowing, voluntary, and intelligent stipulation to Violation #1 and Violation #3, and the United States orally moved to dismiss Violation #2.  *Id.*  Judge Ingram found that Mr. Caldwell was competent to stipulate to the violations and that the stipulation was competently, knowingly, and voluntarily and intelligently entered into, and that his stipulation was consistent with the advice of counsel.  *Id.*  Therefore, for the purposes of Rule 32.1 proceedings, Mr. Caldwell admitted the factual basis for the violations as described in the Report and established

the violations under the standard for § 3583(e). *Id.* Ultimately, Judge Ingram found that Mr.

Caldwell's stipulation permitted him to find by a preponderance of evidence, that Mr. Caldwell

had engaged in conduct that is a Grade B violation under the Guidelines. *Id.*; *see also* U.S.S.G. §

7B1.1(a)(2). During the hearing, the Government recommended a twenty-one-month term of

imprisonment, and counsel for the Defendant recommended twelve months and one day of

imprisonment. [R. 395 at 3.] The parties jointly recommended no term of supervision following

the term of imprisonment. *Id.*

## II

After the hearing, Judge Ingram carefully reviewed the entire record, including the

Report and all accompanying documents, and the underlying Judgment and sentencing materials.

Judge Ingram also considered the factors set forth in 18 U.S.C. § 3553, as incorporated in §

3583(e). Section 3583(e)(3) provides that the maximum penalty for a supervised release

violation hinges on the severity of the underlying offense of conviction. Mr. Caldwell pleaded

guilty to a conspiracy to manufacture fifty grams or more of a mixture containing

methamphetamine in violation of 18 U.S.C. § 846. [R. 297.] Conviction for a Class B felony

results in a three-year maximum period of incarceration following revocation pursuant to §

3583(e)(3). [R. 395 at 4.]

Judge Ingram analyzed the Policy Statements in Chapter 7 and determined, given Mr.

Caldwell's criminal history category of II (at the time of his original conviction) and admitted

Grade B violation,[1] that Mr. Caldwell's range of revocation is six to twelve months. *Id.* A court

is permitted to reimpose supervised release, following revocation, for a maximum period that

---

[1] "Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade." U.S.S.G. § 7B1.1(b).

subtracts any term of incarceration imposed because of a violation.  *See* 18 U.S.C. § 3583(k).

Here, under 18 U.S.C. § 3583(h) and 21 U.S.C. § 841(b)(1)(B), there is no maximum term of

supervision that can be re-imposed.  Judge Ingram also noted that Congress mandated revocation

in cases of this nature because Mr. Caldwell possessed a controlled substance.  [R. 395 at 5

(citing 18 U.S.C. § 3583(g)(1)).]

In determining the appropriate revocation term of imprisonment, Judge Ingram

considered all the statutory factors imported into the § 3583(e) analysis as well as the Guidelines

Range.  *Id.*  First, Judge Ingram noted that the nature and circumstances of Mr. Caldwell's

underlying conviction are very troubling, as he was involved in conspiring to manufacture

methamphetamine, which is a very dangerous drug.  *Id.*  at 5–6.

Next, Judge Ingram considered Mr. Caldwell's history and characteristics.  Judge Ingram

noted that prior to Mr. Caldwell's conviction, his "criminal history was sparce."  *Id.* at 6.

However, "since his underlying conviction," his "criminal conduct has been abysmal."  *Id.*  Mr.

Caldwell has resisted arrest and placed himself in places where firearms are present, which Judge

Ingram found creates a serious risk of danger to the community.  *Id.*

As to the factor concerning the need for treatment, Judge Ingram found that although Mr.

Caldwell has been afforded "every resource the Court and the USPO can provide," he has failed

to take advantage of these resources.  *Id.*  Ultimately, Judge Ingram found that the court could

not continue to justify expending the USPO's resources on Mr. Caldwell when he continually

refuses to comply with the conditions of supervision.  *Id.*

Next, Judge Ingram noted that the primary wrong in the supervised release context is the

breach of trust by Mr. Caldwell.  *Id.* at 6–7.  Here, this is Mr. Caldwell's third revocation and it

involved repeated methamphetamine use, involvement of a firearm, and "blatant resistance to

authority." *Id.* at 7.  Judge Ingram found that these continued supervised release violations, and the conduct at issue in his latest supervised release violation in particular, warranted a lengthy imprisonment term. *Id.*

Finally, the factor regarding the need to avoid unwarranted sentencing disparities is addressed by Judge Ingram articulating the specific reason for imposing a sentence that is different from what is described by applicable Guidelines or policy statements. *Id.* at 7 (citing 18 U.S.C. § 3553(c)(2)).  Here, Judge Ingram found that the court system and the USPO has engaged in extensive efforts to help Mr. Caldwell, "including several in-court status conferences," but Mr. Caldwell's behavior has failed to improve. *Id.*  In fact, Mr. Caldwell has violated the terms of his supervision three times, and the circumstances surrounding his most recent violation were particularly concerning given his behavior, repeated methamphetamine use, and the presence of a weapon. *Id.*  Judge Ingram found that this behavior demonstrates that Mr. Caldwell continues to be danger to the public, and that the "only tool available to address that danger and the repeated violations of the Court's trust is a lengthy imprisonment term." *Id.*

Ultimately, Judge Ingram makes the following recommendations: (1) Mr. Caldwell be found guilty of Violations #1 and #3; (2) The Government's motion to dismiss Violation #2 be granted; and (3) Mr. Caldwell's term of supervision be revoked and he receive a term of imprisonment of eighteen months with no term of supervision to follow. *Id.* at 8.

Judge Ingram's Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of service. *Id.*; *see* 28 U.S.C. § 636(b)(1).  The Report and Recommendation also provides the parties with the consequences of failing to object within the provided timeframe. *Id.*; *see Thomas v. Arn*, 474 U.S. 140 (1985).  Mr. Caldwell has not filed

any objections to Judge Ingram's Report and Recommendation and has provided a Waiver of Allocution.  [R. 396.]

Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made.  28 U.S.C. § 636(b)(1)(c).  But when no objections are made, as in this case, the Court is not required to "review… a magistrate's factual or legal conclusions, under a de novo or any other standard."  *See Thomas v. Arn,* 474 U.S. 140, 151 (1985).  Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing to a district court's order adopting that report and recommendation. *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).  Nevertheless, the Court has examined the record and agrees with Judge Ingram's recommended disposition.

### III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1.  The Report and Recommendation made as to Defendant Josh Caldwell **[R. 395]** is **ADOPTED** as and for the opinion of the Court;

2.  Mr. Caldwell is found **GUILTY** of Violations #1 and #3;

3.  The Government's Motion to Dismiss Violation #2 is **GRANTED**; and

4.  Mr. Caldwell's period of supervised release is **REVOKED**, and he shall serve a term of imprisonment of eighteen months with no supervision to follow.

This the 7th day of December, 2021.

Gregory F. Van Tatenhove
United States District Judge